From the statutory language of §603—"as though the decedent were alive"—appellee would have us conclude that, since the appellant lacked the right to sue her husband during his lifetime, the statute precludes a suit against his personal representative after his death. Such contention is without merit. Such a narrow and technical construction of the statute would subvert the legislative intent; the legislative intent was to broaden, not limit, the survival of causes of actions.

Our conclusion is that neither public policy, nor lack of a justiciable cause of action nor statutory prescription precludes this suit of a wife against her husband's personal representative. No sound reason appears to require a contrary result.

Judgment reversed[6] with a procedendo.

---

[6] A division of opinion on the question herein presented has existed among the lower courts of the Commonwealth. In line with the conclusions reached in this opinion: *Pittman v. Deiter*, 10 D. & C. 2d 360; *Brower v. Webb*, 5 D. & C. 2d 193; *Rissel v. Rissel*, 50 Berks 100. Contra: *Lewellyn v. Mensch*, 5 D. & C. 2d 67; *Smith v. Smith*, 14 D. & C. 466.

## Pines Plaza Bowling, Inc., Appellant, *v.* Rossview, Inc.

Argued October 2, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*Aaron Rosenzweig,* with him *Samuel M. Rosenzweig,* for appellant.

*David R. Levin,* for appellee.

OPINION PER CURIAM, November 10, 1958:
Judgment affirmed on the able opinion of Judge LORAN LEWIS, 14 Pa. D. & C. 2d 459.

## Schilling, Appellant, *v.* Pittsburgh Railways Company.